*E-FILED - 10/15/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON PEREZ, | ) | No. C 06-7231 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; |
| vs. | ) ) | DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION |
| CORRECTIONAL TREATMENT CENTER, et al., | ) ) ) | OR NOTICE REGARDING SUCH MOTION |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 23, 2007, the court dismissed one of plaintiff's claims and ordered service upon the remaining defendant (docket no. 6). The summons issued as to Defendant Prosthetic Leg Maker at Salinas Valley State Prison Medical Department was returned as unexecuted on July 5, 2007 (docket no. 7). Salinas Valley State Prison indicated that it had no prosthetic leg maker at its facility and therefore, refused service.

    Subsequently, on December 12, 2007, plaintiff submitted a letter to the court providing additional identifying information regarding Defendant Prosthetic Leg Maker, including a new address and a name. Good cause appearing, the United States Marshal is hereby ORDERED to re-attempt to effect service upon Defendant Hans Birkholm.

///

**CONCLUSION**

1. The clerk shall re-issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, the original order of service (docket no. 6), and copies of this order on the following defendant: Hans Birkholm, Birkholm's Orthopedist, 510 E. Chapel Street, Santa Maria, CA 93454. The clerk shall also serve a copy of this order on plaintiff.

4. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than **sixty (60) days** from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion, or shall notify the court that defendant is of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due</u>**.

All papers filed with the court shall be promptly served on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed. Ninth Circuit authority holds that the following notice be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated

> documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir 2003).

      c.    Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

5.    All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and the parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

1  pursuant to Federal Rule of Civil Procedure 41(b).

2     7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
3  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
4  required before the parties may conduct discovery.

5     IT IS SO ORDERED.

6  DATED: __10/10/08_____        _____
                                  RONALD M. WHYTE
7                                 United States District Judge