***E-FILED - 10/13/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PEREZ,<br><br>    Plaintiff,<br><br> vs.<br><br>CORRECTIONAL TREATMENT CENTER, et al.,<br><br>    Defendants. | No. C 06-7231 RMW (PR)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Docket No. 20) |

Plaintiff, a California prisoner at Corcoran State Prison ("COR"), filed this pro se civil rights action under 42 U.S.C. § 1983. Defendant Birkholm filed a motion to dismiss the complaint based on plaintiff's failure to exhaust administrative remedies. Plaintiff has not filed an opposition. Having reviewed the pleadings, the court GRANTS defendant's motion to dismiss the complaint for failure to exhaust.

**DISCUSSION**

A.   Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Id. A complaint may be dismissed by

the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[1] If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

B.   Analysis

The Prison Litigation Reform Act ("PLRA") of 1995 was amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford, 548 U.S. at 85. The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has interpreted section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust -- a procedure closely analogous to summary judgment -- the court must give the prisoner fair notice of his opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. Plaintiff was given such notice in the order of service.

1  his complaint to the court it will be dismissed even if exhaustion is completed by the time the
2  complaint is actually filed).

3        The State of California provides its inmates and parolees the right to appeal
4  administratively "any departmental decision, action, condition, or policy which they can
5  demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Title 15,
6  § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging
7  misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available
8  administrative remedies within this system, a prisoner must proceed through several levels of
9  appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3)
10 second level appeal to the institution head or designee, and (4) third level appeal to the Director
11 of the California Department of Corrections. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235,
12 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under
13 § 1997e(a). Barry, 985 F. Supp. at 1237-38.

14       In his motion to dismiss, defendant states that the grievance plaintiff refers to in his
15 complaint, SVSP-D-06-02456, was screened out at the director's level of review as improper,
16 and therefore, unexhausted. (Mot., p. 3.) Defendant also states that prison records demonstrate
17 that plaintiff's only exhausted grievance was not filed before he initiated this federal action.
18 (Id.) Plaintiff does not dispute defendant's assertions.

19       The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or
20 otherwise procedurally defective administrative grievance or appeal." Woodford, 548 U.S. at 84.
21 "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to
22 mean what the term means in administrative law, where exhaustion means proper exhaustion."
23 Id. at 92.

24       "Proper exhaustion demands compliance with an agency's deadlines and other critical
25 procedural rules because no adjudicative system can function effectively without imposing some
26 orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted). The filing of
27 an untimely grievance or appeal is not proper exhaustion. See id. at 83-84. A prisoner must
28 complete the administrative review process in accordance with the applicable procedural rules,

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.06\Perez231mtdexh.wpd    3

1   including deadlines, as a precondition to bringing suit in federal court.  Id.

2         On September 5, 2006, plaintiff's first formal appeal in SVSP-D-06-02456 regarding the
3   underlying claim was partially granted.  (Complaint, p. 2.)  Although plaintiff alleges that he
4   never received a second level review response, which was due on September 25, 2006 (id. and
5   Ex. A.), defendant responds that the records at the Inmate Appeals Branch indicate that the
6   second level review was completed on September 22, 2006.  (Decl. Medina, ¶ 1, 6, Ex. A.)
7   Further, E. Medina, an Appeals Coordinator at Salinas Valley State Prison declared under
8   penalty of perjury that on September 27, 2006, he screened out another of plaintiff's appeal at
9   the second level because "it was a redundant second-level submission of the Level II appeal
10  decision already rendered on September 22, 2006, and even included the Level II decision in the
11  resubmission."  (Id., ¶ 8.)  Medina stated that the submission was improper because plaintiff
12  should have submitted his appeal to the Director's level of review.  (Id.)  Based on Medina's
13  declaration, the court concludes that plaintiff did receive a second level review response.

14        In addition, while plaintiff did submit a grievance to the Director's level of review with
15  the same log number, SVSP-D-06-02456, it was received on September 14, 2007, and
16  subsequently screened out because it was untimely.  (Decl. Grannis, ¶ 1, 7, Ex. A.)  Plaintiff's
17  submission to the Director's level of review was screened out because it was filed more than 15
18  working days from September 22, 2006, the date of the appealed decision.  See 15 Cal. Code
19  Regs. § 3084.6(c).  Even if plaintiff's untimely grievance were accepted, it could not constitute
20  exhaustion because plaintiff did not complete his administrative remedies before he filed the
21  complaint in this case.  See McKinney, 311 F.3d at 1199.

22        The Inmate Appeal Branch records also demonstrate that since 1993, plaintiff has only
23  exhausted one claim at the Director's level of review, and while it relates to this same underlying
24  claim, it was not exhausted until after the complaint was filed.  (Decl. Grannis, ¶ 6, Ex. A.)
25  Again, because plaintiff did not exhaust this prior to filing the instant complaint, it is not proper
26  exhaustion.  See McKinney, 311 at 1199.

27        Accordingly, in light of defendant's undisputed evidence that plaintiff did not properly
28  exhaust, see Woodford, 548 U.S. at 83-84, the court concludes that plaintiff failed to exhaust his

Order Granting Defendant's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\CR.06\Perez231mtdexh.wpd     4

claim and dismisses this action.

## CONCLUSION

Based on the foregoing reasons, the court GRANTS defendant's motion to dismiss. Plaintiff's complaint is hereby DISMISSED without prejudice for failure to exhaust administrative remedies. The clerk shall terminate any remaining motions and close the file.

This order terminates docket no. 20.

IT IS SO ORDERED.

DATED: 10/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge